# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

DIRK STIRES, )
)
        Plaintiff, )
)
v. ) No. CIV-04-085-S
)
SHERIFF LEWIS COLLINS, )
)
        Defendant. )

## ORDER

Before the court for its consideration is the Defendant Sheriff Lewis Collins' Motion for Summary Judgment and Brief in Support.[1] Plaintiff failed to file an objection to this motion. The court grants the motion for the following reasons.

Plaintiff filed his complaint in the United States District Court for the Eastern District of Oklahoma on March 5, 2004. In that complaint, plaintiff alleges that while a prisoner in the Choctaw County jail his civil rights were violated. He alleges the Sheriff's failure to properly supervise his jailers caused him serious injury. He also states in his complaint that he did not exhaust his administrative remedies because after he was injured he was taken to a hospital and did not return to the Choctaw County jail. On June 3, 2005, the defendant filed a motion for summary judgment. In that motion, defendant argues that plaintiff's 42 U.S.C. Sec. 1983 claim fails to establish a policy or custom of Sheriff Collins that violated his

---

[1]Defendant also filed a Motion to Deem His Motion for Summary Judgment Admitted on July 7, 2005. However, the court deems this motion moot since it will be deciding the case on other grounds.

1

constitutional rights, that plaintiff has failed to demonstrate Sheriff Collins violated a constitutional right that was clearly established, and that plaintiff may not maintain a claim for punitive damages against Sheriff Collins.

Plaintiff is an inmate in the custody of the Oklahoma Department of Corrections. Plaintiff is currently housed in Lexington, Oklahoma. The plaintiff sued Sheriff Lewis Collins alleging that his failure to supervise his jailers caused plaintiff physically injury. However, in his complaint, plaintiff admits that he failed to exhaust his administrative remedies as to these claims. While defendant did not raise this issue in his motion for summary judgment, the court believes this issue is dispositive of the case.

**STANDARDS OF SUMMARY JUDGMENT**

Summary Judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (c); See also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The moving party has the burden of demonstrating the absence of a genuine issue of fact. Celotex v. Catrett, 477 U.S. 317, 325 (1986). If this initial burden is satisfied, the nonmoving party then has the burden of coming forward with specific facts showing there is a genuine issue for trial as to elements essential to the nonmoving party's case. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); Bacchus Indus., Inc. v. Arvin Indus., Inc., 939 F.2d 887, 891 (10th Cir. 1991). The nonmoving party cannot rest on the mere allegations of the pleadings, but must go beyond the pleadings and "set forth

specific facts showing there was a genuine issue for trial as to those dispositive matters for which [it} carries the burden of proof." Applied Genetics v. First Affiliated Securities, 912 F.2d 1238, 1241 (10th Cir. 1990).

"A fact is 'material' only if it 'might affect the outcome of the suit under the governing law,' and a dispute about a material fact is 'genuine' only 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Thomas v. IBM, 48 F.3d 478, 486 (10th Cir. 1995) (quoting Anderson, 477 U.S. at 248). In this regard, the court examines the factual record and reasonable inferences therefrom in the light most favorable to the nonmoving party. Deepwater Invs. Ltd. v. Jackson Hole Ski Corp, 938 F.2d 1105, 1110 (10th Cir. 1991). This court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249. With these standards in mind, the court turns to the merits of the defendant's motion.

## FINDINGS OF FACT

The court finds the facts as follows. During his incarceration in Lawton, plaintiff reported his fears concerning his safety when he believed members of a violent gang had learned the nature of his criminal charges. He subsequently requested a transfer. He was transferred to the Choctaw County jail. While there he was assaulted by inmates and injured. He subsequently filed this civil rights action regarding this incident. However, plaintiff failed to exhaust his administrative remedies.

3

The Prison Litigation Reform Act provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal Law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted. 42 U.S.C. Sec. 1997e(a).

In Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002) the Tenth Circuit Court of Appeals stated:

> An inmate who begins the grievance process but does not complete it is barred from pursuing a 42 U.S.C. Sec. 1983 claim under the Prison Litigation Reform Act for failure to exhaust his administrative remedies. Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001). In Wright, an inmate alleged that he had substantially complied with the administrative procedures but did not see the process to its conclusion. The court noted that the PLRA does not "enable judges, by creative interpretation of the exhaustion doctrine, to prescribe or oversee prison grievance systems." Wright at 358.

The express language of 42 U.S.C. Sec. 1997e(a) mandates exhaustion in all suits "brought with respect to prison conditions". In the face of such a clear directive, the court cannot weigh the fairness of the exhaustion requirement or entertain exemptions from its reach. Porter v. Nussle, 534 U.S. 516 (2002)(holding exhaustion required for all prisoner suits, regardless of whether they involve general circumstances of incarceration or particular episodes, and whether they allege Eighth Amendment violation based on use of excessive force or some other wrong.) The law requires that plaintiff exhaust his administrative remedies. The facts reveal that plaintiff did not even attempt to exhaust his remedies. There are no exceptions to this requirement.

After careful review, the court finds the plaintiff has failed to make any viable argument that he has exhausted his administrative remedies as to the claims brought in his complaint regarding injuries he sustained while being in the Choctaw County jail. Accordingly, the defendant is granted summary judgment as to plaintiff's claims due to plaintiff's failure to exhaust his administrative remedies.

Accordingly, defendants' motion for summary judgment is hereby **GRANTED**.

**IT IS SO ORDERED** this 2nd day of February, 2006.

FRANK H. SEAY
United States District Judge